Bernedette McHugh and Margaret McHugh, by Patrick McHugh, Father and Guardian, Appellees, v. Hirsch Clothing Company, Inc., Appellant.

Gen. No. 41,285.

Opinion filed January 22, 1941.

JOHN A. BLOOMINGSTON, of Chicago, for appellant.

WILLIAM A. SHAPIRO and KROHN & MACDONALD, both of Chicago, for appellees; STUART B. KROHN and IAN P. MACDONALD, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Defendant Hirsch Clothing Company, Inc., brings this appeal from a judgment entered in the circuit court in favor of plaintiffs because of personal injuries received by them while standing on the sidewalk in front of defendant's store. The cause was tried before a judge and jury. The jury found defendant guilty and judgment was entered for $1,750 in favor of Margaret McHugh and $500 in favor of Bernedette McHugh. Both plaintiffs were minors.

It appears that on September 24, 1937, the defendant who operated a store, had advertised a grand opening and had invited the public to attend and said defendant was to furnish some entertainment; that it was raining that night and plaintiffs, who were girls 12 and 15 years of age, were standing on the sidewalk in front of the store near its entrance endeavoring to get in; that there was a large crowd in attendance waiting on the sidewalk and they were pushing forward in an endeavor to get in; that there were some police officers there to regulate and control the crowd, but that while plaintiffs were standing there a plate glass window of defendant's store broke and the plaintiffs were injured by the falling glass.

Margaret McHugh testified that while they were standing at the place aforesaid everybody started pushing in the door in between the two plate glasses in the entrance, and then she heard a crash and was injured.

The testimony of other witnesses shows that three policemen were there to guide the crowd, which was very large, into the store; that the glass in the store window was loose and rattled and vibrated whenever the doors to the store were opened or shut; that neither of the plaintiffs was near the glass, but that when it broke it splintered and fell upon the two plaintiffs, injuring them quite severely; that approximately 90 per cent of the glass fell upon the sidewalk; that the glass was boarded up on the inside so that no one inside the store could lean against the glass; that there were several hundred persons outside the building and that it was raining and dark, except for the electric lights.

The evidence further shows that when the window broke out of the frame it crashed on the sidewalk; that it looked as if it were two pieces of glass glued together where it had been previously broken, and when the glass crashed a policeman was standing at the door to the store.

The evidence shows that Margaret McHugh had a cut on one side of her ankle and the tendons on the top of her foot were cut; that the tendons had to be sewed together; that Bernedette McHugh had a cut about one inch long on the back of her foot toward the heel; that the tendon of her foot was cut about half way through; that both plaintiffs were in the hospital about a week or 10 days and then were confined to their home for some time; that Margaret wore a cast for approximately 6 weeks.

Defendant contends that the manifest weight of the evidence shows that there was no negligence on the part of the defendant. The declaration charged general negligence and lack of care in permitting the condition to exist which caused the accident.

We think the evidence conclusively proves that defendant at the time of the accident was in possession

and control of the premises surrounding its store, as charged in the declaration, and that defendant had invited plaintiffs to attend this grand opening and in response to said invitation plaintiffs appeared and while waiting to be admitted to the store and while in the exercise of due care for their own safety, the plate glass window which was in a defective condition, crashed and fell upon them, which resulted in their injury.

Defendant contends that the court erred at the conclusion of all the evidence in refusing to withdraw all the evidence from the jury, and to instruct the jury to find the defendant not guilty. We think the court did not commit error in this regard.

Defendant complains of certain instructions which were given, but we do not find that any error was committed relative thereto.

Defendant further complains that the court erred in admitting in evidence testimony as to the expenses incurred, medical and hospital, in the treatment of the plaintiffs, and that a next friend has no right to collect for a minor because it is the duty of the father to pay the expenses of a minor.

In *White v. Seitz,* 258 Ill. App. 318, it was held that a son has a right to recover for medical bills for his own injury. In that case the father had actually paid the bills of the son in the sum of $557.50, and although the son was 17 years of age, it appears the father was obliged to pay this money. This court in that case, said:

"The father has a right to waive his right to recover the money so expended, and to allow his son to recover the same." See also *American Car & Foundry Co. v. Hill,* 226 Ill. 227; *Chicago Screw Co. v. Weiss,* 203 Ill. 536.

From a review of the entire record we are convinced that no substantial error was committed by the

trial court in the conduct of the trial and for the reasons herein given the judgments of the circuit court are affirmed.

*Judgment affirmed.*

HEBEL, P. J., and BURKE, J., concur.