**Albert Zoloth, Appellee, v. Wacker-Wabash Corporation, Appellant.**

**Gen. No. 43,169.**

Opinion filed April 24, 1946. Released for publication May 10, 1946.

Ross, Berchem & Schwantes, of Chicago, for appellant.

Kamin, Gleason & Kamin, of Chicago, for appellee.

Mr. Justice Lewe delivered the opinion of the court. This is an action at law brought by the plaintiff Albert Zoloth against defendant Wacker-Wabash Corporation, operator of a public garage, for personal injuries sustained by plaintiff, which resulted from falling over the edge of a wooden ramp as he stepped out of an automobile in which he was riding as a guest. The ramp was erected on a public street and used by

defendant for parking automobiles of its patrons. There was a jury trial and verdict and judgment in plaintiff's favor for $1,000. Defendant's motions for judgment notwithstanding the verdict and for a new trial were denied. Defendant appeals.

Defendant maintained a public garage in the lower part of the Pure Oil Building, located at the southwest corner of Wacker Drive and Wabash avenue in the city of Chicago. When entering the garage from Wabash avenue, automobiles turned west on Haddock place, a narrow public thoroughfare one half block south of Wacker drive. Due to a difference in elevation between Haddock place and Wabash avenue, a wooden ramp was built, about the width of two automobiles and three and a half car lengths long, extending from the westerly line of the sidewalk on the west side of Wabash avenue down to the subgrade of Haddock place. Between the south wall of the Pure Oil Building and the north edge of the ramp there was a space five or six feet wide. In this space just west of the sidewalk of Wabash avenue stood a shanty about five feet wide and ten feet high, upon which a sign was erected bearing the name of the defendant's garage and the words, "Cars received here." Immediately west of the shanty the north edge of the ramp was six or seven feet above the ground level of Haddock place. There were no guard-rails on the north side of the ramp, nor were there any signs or warnings posted informing patrons of defendant's garage of the drop of six or seven feet between the ramp and the south wall of the Pure Oil Building.

On the morning of May 18, 1937, plaintiff, riding as a guest, came to Chicago from Milwaukee, Wisconsin, in the automobile of one Weil, who was accompanied by his wife. When Weil reached the intersection of Wacker drive and Wabash avenue, he turned south on Wabash avenue, thence west at Haddock place where he crossed the west sidewalk of Wabash avenue and

proceeded down the ramp about ten feet, stopping his car in front of the shanty. During the journey, plaintiff sat beside Weil who was driving a two-door Buick automobile. It was parked in front of the shanty at about 10:30 a. m. At that time it was raining and "the sky was very dark and cloudy." Shortly after the car was parked on the ramp, one of defendant's uniformed attendants came from the shanty, opened the left door of the automobile and, as Weil stepped out of his car, the attendant took his place in the driver's seat. Because it was raining, plaintiff stayed in the car, seated beside the attendant, for about five minutes. They did not converse with each other, and the automobile remained in the same position. After this brief period of waiting, plaintiff opened the right door and "stepped out backwards with his right leg." He dropped six or seven feet to the ground north of the edge of the ramp, causing the injuries complained of. So far as the evidence shows, plaintiff, prior to this time, had never been on the ramp.

Plaintiff's theory of the case is that defendant, in operating its business, set up signs, and placed attendants, directing motorists, who wished to store their cars, where to drive and where to stop; that defendant directed the driver to stop his car on the ramp, adjacent to an unguarded space between the ramp and the garage building; that defendant's affirmative conduct in directing the automobile to a particular position, and its failure to guard the occupants of the automobile from the attendant hazards, constituted negligence.

Defendant contends that (1) it was not under any obligation to guard the ramp, which was simply a raised portion of Haddock place; and (2) that the plaintiff was guilty of contributory negligence as a matter of law.

The evidence discloses that the ramp was used by the defendant for its convenience and as part of

its equipment in the operation of its business. According to defendant's witness Lane, two other cars were parked on the ramp in front of Weil's automobile at the time of the occurrence. Location of the shanty adjacent to the ramp, the sign above it which read "Cars received here," the presence of one of defendant's attendants in uniform and his taking custody of Weil's car at this point, all tended to cause plaintiff, a stranger, to believe that the ramp was a part of the defendant's premises. And to all intents and purposes it was so used. Defendant argues that when the attendant took Weil's place in the driver's seat, plaintiff was a mere licensee and therefore cannot recover, citing *Elliott v. Carlson,* 54 Ill. App. 470, *Mallory v. Day Carpet & Furniture Co.,* 245 Ill. App. 465, and *Roth v. Schaefer,* 300 Ill. App. 464. These cases are dissimilar in their facts and do not support defendant's contention. Defendant also relies on *Murphy v. Huntley,* 251 Mass. 555, 146 N. E. 710. There the plaintiff, a guest, had accompanied the owner of an automobile to defendant's garage, and after entering it in the garage was injured. The court said at page 711:

"If under the circumstances, the plaintiff deemed it more convenient to board the car while in the garage rather than to wait on Bowker Street, he was at most a licensee, and, there being no evidence of reckless, wanton or willful conduct of the defendant, the motion for a directed verdict should have been granted."

In the instant case, plaintiff remained seated in the automobile when the owner stepped out of it at a place designated by the defendant. The plaintiff was lawfully at a place which defendant used in connection with his business. Under these circumstances, plaintiff as Weil's guest was in the position of a patron properly on the premises. (*Warner v. Lucey,* 207 App. Div. 241, 201 N. Y. S. 658, 660.) Since Weil, as

an invitee, was directly induced to drive upon the ramp and surrender possession of his car there, by the defendant, plaintiff also became an invitee through Weil. (*Pope v. Willow Garages, Inc.*, 274 Mass. 440, 174 N. E. 727, 728.)

Defendant's second contention is that the plaintiff was guilty of contributory negligence. On cross-examination, plaintiff testified that when the automobile stopped in front of the defendant's shanty, "the front window was steamed from the rain. I knew we were on some kind of an incline. . . . but I could not see in front of me. . . . It was raining all the time. . . . Before I started to open the door I did not look at the door. As to whether there was anything to prevent me from seeing that the car was parked right next to the edge of the road, I did not look . . . I knew the car was parked right next to the edge of the road when I started to get out . . . As to where I was going to step when I stepped out of the car, I expected to step on level ground."

In their reply brief and on oral argument before this court, defendant's counsel insisted that if the plaintiff had looked he would have known of the existence of the opening adjacent to the ramp. Just what the plaintiff might have seen had he looked through the closed right hand window is not shown by the evidence. On the morning of the occurrence it was raining and very dark. It is not improbable that the jury believed it physically impossible for the plaintiff to see from his position in the automobile what the situation was with respect to the ramp. Being unfamiliar with his surroundings, plaintiff could not anticipate the danger of getting out of the automobile as he did and, since it was a two-door sedan, there was no other way out. As plaintiff was leaving the automobile the attendant must have known that plaintiff would step into the open space between the ramp and the Pure Oil Building, yet he sat idly by and permitted

him to do so without uttering a word of caution. Under the circumstances, we think the plaintiff had a right to assume that when he left the automobile he would not be stepping into a pitfall. (*Pollard v. Broadway Cent. Hotel Corp.*, 353 Ill. 312, 320.)

"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the defendant in bringing about the plaintiff's harm." (Restatement of The Law of Torts, sec. 463.)

In *Lotspiech v. Continental Illinois Nat. Bank & Trust Co.*, 316 Ill. App. 482, 498, this court in adverting to the case of *Kelly v. Chicago City Ry. Co.*, 283 Ill. 640, 645, said:

"As a general proposition, the question of contributory negligence is one of fact for the jury under all the facts and circumstances shown by the evidence (*Bale v. Chicago Junction Railway Co.*, 259 Ill. 476), but cases occasionally arise in which a person is so careless or his conduct so violative of all rational standards of conduct applicable to persons in a like situation that the court can say, as a matter of law, that no rational person would have acted as he did and render judgment for the defendant."

In view of all the surrounding circumstances, we are of the opinion that the question of contributory negligence in the present case was one of fact for the jury and the trial court therefore properly overruled defendant's motions for judgment notwithstanding the verdict and for a new trial.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

KILEY, P. J., and BURKE, J., concur.