Catherine Smith, Appellee, v. Kroger Grocery and Baking Company, and Elton Taylor, Appellants.

Term No. 49016.

Opinion filed January 20, 1950. Rehearing denied March 1, 1950. Released for publication March 2, 1950.

OEHMKE & DUNHAM, of East St. Louis, and ELY & ELY, of St. Louis, Mo., for appellants; HOWARD F. BOMAN, of East St. Louis, of counsel.

PHILIP G. LISTEMAN and GOLDENHERSH & GOLDENHERSH, all of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee, Catherine Smith (hereinafter called plaintiff), against Kroger Grocery and Baking Company, a corporation, and Elton Taylor, an employee of such corporation, appellants (hereinafter called defendants), in the sum of $20,000.

The judgment resulted from a trial of the cause befor a jury which was predicated on injuries sustained by the plaintiff on September 28, 1946 in a store operated by the defendant corporation in East St. Louis, Illinois. The facts and circumstances as shown by the pleadings and the evidence in the cause indicated that at a time when certain articles, including oleomargarine, were scarce, the manager of the store procured a box of oleomargarine and came from a storeroom in the rear of the store, dropped it at or near the plaintiff's feet and announced in a voice which was audible to persons in the store, "oleo, come and get it," and as a result, the customers in the store rushed to the box and crowded against plaintiff and caused certain injuries to her.

There was evidence to the effect that plaintiff was not aware of the method used by the manager of the defendant in disposing of certain articles which were difficult to obtain, such as oleomargarine, and there was also evidence to the effect that the manager followed a practice of crying in a loud voice in the manner indicated in this opinion, and that the manager, after dropping or placing the oleomargarine in some position in a relatively narrow aisle, would immediately run or step aside to avoid being caught in the stampede or rush of customers which would ensue. While there was some contradictory evidence on this point, the evidence before the court below was sufficient under the law to sustain the conclusion of the jury that such practice was indulged in and that on the particular day in question the man-

ager had announced that "oleo" could be obtained and invited the customers to "come and get it." The evidence showed further that as people stampeded or ran to attempt to get packages of the oleo, plaintiff was pushed against something and when she tried to straighten herself up she struck something with the back of her head, and after she had regained her balance, although she had not fallen, she felt a sharp pain like a "bee-sting" in the back of her neck. The plaintiff walked back to the checkerstand from a position near the meat counter where she had been waiting, got her purchases and started to walk to her home which was about two blocks from the store. After she had proceeded for about half a block she felt a severe pain in her head and arm and was unable to proceed farther. She put the packages down and went home and went to bed. She thereafter developed an intense and blinding headache and a doctor was called the next morning, and on that afternoon she was removed to the hospital. As a result of x-rays and medical judgment she was placed in a plaster cast which was applied and worn about two weeks, and she was then put in a traction with a 35 pound weight to pull the muscles in her neck so that the muscle spasm might be overcome, and to relieve the pressure on the nerves of her neck. She was not allowed to turn off her back until the following January 14 after the accident. After her discharge from the hospital she was fitted with a neck collar, which she has worn almost constantly day and night, and under her doctor's orders she has installed a pulley neck splint at her home. The plaintiff attempted to use such pulley to relieve her pain but it was not completely effective and she testified that she still, at the time of the trial, had pains in the back of her neck and that she can raise her arms to a certain extent but that it pains her back. She also testified that she could not raise her left arm to comb her hair and that certain

movements caused her pain in the center of the back, and that she had been unable to do any housework. The medical evidence indicated that the injuries were similar to what was described as a "whip-lash" injury which results in an automobile when the automobile is hit from behind and a passenger's head is suddenly thrown freely.

On appeal in this court the defendants contend that the judgment should be reversed for the reasons, (1) That defendants were not negligent; (2) That even if defendants were negligent the negligence was not the proximate cause of any injuries suffered by plaintiff; (3) That defendants were not chargeable with knowledge that the injury to plaintiff was foreseeable; (4) That the verdict was so excessive as to indicate passion and prejudice; and (5) That the court erred in giving certain instructions to the jury.

As to the first contention of the defendants it was clear that plaintiff at the time of her injury was an invitee upon defendants' premises and that defendants owed her a duty to exercise due care in the conduct of their business and to guard against subjecting plaintiff to danger of which they were cognizant or which might reasonably have been anticipated (*Wintersteen v. National Cooperage & Woodenware Co.*, 361 Ill. 95).

Under the facts as presented in the court below the defendant's method of dispensing scarce items by dropping a carton or container of such article in the aisle of a crowded store and announcing, "come and get it" had caused rushes and stampedes in the past. That someone might be injured as a result thereof was a reasonably probable and foreseeable consequence and defendants are liable for the ensuing injury (*Wintersteen v. National Cooperage & Woodenware Co., supra*). In this connection it is noted that members of the public assume risks of ordinary

506

crowds, but if the crowd is handled in a manner likely to cause injury, the storekeeper must use due care to guard against it (*Tomlin v. Miller,* 335 Ill. App. 267).

As to the question of proximate cause, what constitutes proximate cause of the injury as well as the question of negligence is one of fact to be determined by a jury from a consideration of all of the evidence (*Neering v. Illinois Cent. R. Co.,* 383 Ill. 366; *Johnston v. City of Moline,* 338 Ill. App. 220, 235). Under the circumstances the intervention of an independent force does not break the causal connection between the negligence of the defendants and the resulting injury, where such intervention was reasonably probable and foreseeable, as we have indicated in this opinion. The method employed by defendants in dispensing the scarce items was made hazardous by reason of the announcement, "come and get it," which caused the customers to stampede or rush through the aisle, and the defendants' negligence in the first instance was the proximate cause which set such onrush of customers in action. It was thus a natural and foreseeable result of the defendants' negligence in calling attention to the scarce articles. The question of due car of plaintiff immediately before and at the time of the injury under the facts before us was, likewise, a question for determination by the jury.

There seems to be no substantial dispute about the fact that the injuries inflicted upon the plaintiff were severe, even though they resulted in a manner which might seem less dramatic than which is normal where such severe injuries are sustained. As to the amount of damages awarded in the instant case, we have repeatedly confirmed the fact that damages awarded to a plaintiff in a personal injury suit will not be set aside, unless it is so palpably excessive as to indicate some improper motive on part of the jury (*Mueth v. Jaska,* 302 Ill. App. 289, 296; *Ford v. Friel,*

330 Ill. App. 136). The uncontradicted evidence shows that in loss of wages and in money the plaintiff was required to expend she has already lost and expended some $7,000, and the evidence discloses that it will be necessary for her to expend at least $1,000 more in endeavoring to be cured of her injuries. We feel the court was fully warranted in not disturbing the verdict on the ground that it was excessive.

Plaintiff's instruction number one, to which objection was taken, stated that if a person without fault on her part is confronted with sudden danger or apparent sudden danger, the obligation resting upon her to exercise ordinary care for her own safety does not require her to act with the same deliberation and foresight as might be required under ordinary circumstances. Four instructions were given by defendants, which stated that plaintiff was bound to prove that she exercised due care and caution for her own safety. The instruction as given announced a rule of law applicable to the facts in the case. While it is not the best practice to give instructions embracing abstract legal propositions where not directly applicable to the evidence, under the facts and instructions given in the case there was no reversible error in the giving of such instruction (*Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383, 388; *Kavanaugh v. Parret,* 379 Ill. 273).

Complaint is also made of an instruction given on behalf of the plaintiff which related solely to the elements of damages and informed the jury that in arriving at the amount of the damages which the plaintiff is entitled to recover, if any, the jury have the right to take into consideration all the evidence, together with all the facts and circumstances in the case relating to plaintiff's damages, if any, and the extent and duration of the plaintiff's injuries, if any are shown by the evidence. Complaint is made specifically that the instruction does not limit the "facts and cir-

508

cumstances in the case relating to plaintiff's damages'' to such as were proven by a preponderance of the evidence or reasonably inferable therefrom. This objection was not well taken since the last paragraph of such instruction states that the jury could only award such damages as were proven by a preponderance of the evidence. It is not necessary that this requirement be constantly repeated if it is clearly stated in the instruction (*Rock Island & P. R. Co. v. Leisy Brewing Co.,* 174 Ill. 547). It is also noted that in another instruction given on behalf of the defendants the jury was told specifically what damages could be allowed plaintiff and how such damages could be proved, and in considering all the instructions as a series, when defendants' instruction and plaintiff's instructions are considered together, it is apparent that the jury was properly instructed as to the measure of damages and the manner in which the damages must be proven to entitle plaintiff to recover therefor (*Kavanaugh v. Parret, supra; Grimm v. Chicago & Northwestern Ry. Co.,* 331 Ill. App. 601, 607).

On a review of the entire record in this cause we find no reversible error, and the judgment of the circuit court of St. Clair county will, therefore, be affirmed.

*Judgment affirmed.*

BARDENS, P. J., and SCHEINEMAN, J., concur.