111 So.2d 76 (1959)
Sarah WALKER and Melton Walker, Appellants,
v.
Walter FELTMAN and Harold Meltzer, d/b/a Lynns, Appellees.
No. 58-633.
District Court of Appeal of Florida. Third District.
April 21, 1959.
*77 Robert J. Ramer, Miami, for appellants.
Dixon, DeJarnette, Bradford & Williams and Charles A. Kimbrell, Miami, for appellees.
HORTON, Judge.
This appeal is from an order dismissing the plaintiffs' complaint with prejudice. The material allegations of the complaint are as follows:
"4. That prior to March 14, 1958, Defendants advertised a sale of certain of its merchandise and implored the public to be present when Defendants' doors opened, and, in addition, this advertisement stated that quantities of the merchandise on sale were limited to only fifty pieces per item.
"5. That on or about March 14, 1958, in response to Defendants' aforestated advertisement, Plaintiff, Sarah Walker, was present in the entryway of Defendants' store, in the front of a group of approximately one hundred persons which persons had also gathered in response to Defendants' advertisement.
"6. That some time before Defendants' opening time, the group above described became restive, boisterous and unruly and it began pushing and surging forward.
"7. That thereafter an employee of the Defendants opened the doors and shouted at the group `go!'; whereupon, the group surged, pushed, shoved and rushed through the entrance of Defendants' store, which entrance was approximately six feet wide.
"8. That approximately seven feet from the entrance of Defendants' store, in the direct path of the entering crowd, Defendants maintained a movable table counter.
"9. That when the doors were opened, as aforesaid, Plaintiff, Sarah Walker, was thrown, pushed and shoved by the aforesaid crowd against the above described table counter, which was overturned, causing her to fall over said table counter and sustain personal injuries of a permanent and continuing nature; she suffered great physical and mental pain and anguish and will in the future continue to so suffer; she has incurred debts for medical expenses *78 and will be compelled to incur debts in the future for further medical expenses.
"10. That the proximate cause of Plaintiff, Sarah Walker's injuries, suffering and damage was the negligence of the Defendants and the nuisance created thereby.
"11. That the Defendants were negligent as follows:
"(A) In admitting a large restive, boisterous and unruly crowd of people upon Defendants' premises without providing appropriate safeguards therefor.
"(B) In inviting a large restive, boisterous and unruly crowd of people to enter their premises in a dangerous and hazardous fashion.
"(C) In inciting a large restive, boisterous and unruly crowd of people to rush into their premises without restraint.
"(D) In maintaining upon their premises a trap; to-wit: a movable table-counter, in direct path of incoming crowds, without providing any notice of the hazard created thereby.
"(E) That the Defendants knew or, by the exercise of reasonable diligence, should have known, that all of the aforesaid acts and/or omissions rendered their premises hazardous and dangerous to their business invitees; and, notwithstanding, the Defendants committed said acts and/or omissions in willful and wanton disregard of the safety of their business invitees."
A motion to dismiss admits, for the purposes of argument of questions of law raised therein, the truth of those allegations of the complaint that are well pled. As such, it only remains for the court to apply the law to the facts conceded.
A proprietor is not an insurer of the safety of his customers but is charged with the duty of maintaining his premises in a reasonably safe condition and guarding against subjecting a customer to dangers of which the proprietor is cognizant or might reasonably foresee. McNulty v. Hurley, Fla. 1957, 97 So.2d 185, 187. See also J.G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45; Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A. 1916C, 1208; National Brands v. Norton Tire Co., for use of Ocean Accident & Guarantee Corporation, 150 Fla. 349, 7 So.2d 456; Hall v. Holland, Fla. 1950, 47 So.2d 889; Earley v. Morrison Cafeteria Co. of Orlando, Fla. 1952, 61 So.2d 477.
The facts, as alleged in the complaint, reveal that the defendants advertised a sale of certain merchandise at a special price but limited the quantity to fifty pieces per item. The advertisement apparently accomplished its designed effect as approximately a hundred persons responded and gathered themselves at the entrance to the defendants' store prior to opening time. It is alleged that the crowd became boisterous and unruly, a condition which must have been obvious to the defendants. It must have been equally obvious that approximately one hundred persons were vying for the available items of merchandise. Under such circumstances, the defendants should have attempted to control the crowd's entrance into the premises upon the opening of the doors. Despite the foregoing, the complaint alleges that an employee of the defendants opened the doors and shouted "Go!". One does not have to indulge in speculation to foresee the results of such action.
We believe the principles set forth in Smith v. Kroger Grocery & Baking Co., 339 Ill. App. 501, 90 N.E.2d 500, 501, 20 A.L.R.2d 1, are controlling here. In the Smith case, the store manager placed a case of oleomargerine, then a scarce commodity, in a narrow aisle, and announced in a loud voice, "Oleo, come and get it!" The plaintiff *79 suffered personal injuries in the rush of customers which resulted to obtain the oleo. The Illinois appellate court upheld a jury verdict for the plaintiff.
The facts alleged in the instant case demonstrate clearly that the defendants knew, or should have reasonably anticipated, that a crowd would form in response to their advertisement and they had ample opportunity to provide safeguards for the entry of this crowd into their store. However, the facts, as alleged in the complaint, reveal that instead of controlling the crowd, the defendants' employee further incited it by shouting a signal usually associated with a foot race. The facts disclosed by the complaint, without more, are sufficient to withstand a motion to dismiss. Cf. American Box & Lumber Co. v. Chandler, 102 Fla. 907, 138 So. 29; Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So.2d 889; Raphael v. Koretzky, Fla.App. 1958, 102 So.2d 746.
The defendants have urged the application of the rule in Foley v. Hialeah Race Course, Inc., Fla. 1951, 53 So.2d 771, and Heps v. Burdine's, Inc., Fla. 1954, 69 So.2d 340. The Foley case involved an automobile collision in a parking lot of the race course. The Supreme Court affirmed a dismissal of the complaint as there was neither breach of duty nor proximate cause. In fine, there was no reason to anticipate the collision of the automobiles. In the Heps case, the Supreme Court held that the store could not be held liable for the actions of certain invitees when their actions apparently were spontaneous. The store could not have anticipated the actions of the other customers.
Although the actions of the defendants may have been a stimulus to business, nevertheless, under such conditions their duty to a business invitee required that the invitee not be exposed to dangers or hazards which could have been foreseen.
A consideration of the exhaustive annotation immediately following the Smith case, supra, (20 A.L.R.2d 8) renders any further discussion on our part superfluous.
The order appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, CHAS., C.J., and PEARSON, J., concur.