Tony Edward JOHNSON, a Minor, by his Next Friend and Guardian of the Estate of Tony Edward Johnson, Winfred J. Mc-Daniel, Sr., Plaintiff-Respondent,

v.

William G. HUNTER and Emery Emerson Gipson, Defendants,

William G. Hunter, Defendant-Appellant.

No. 32052.

St. Louis Court of Appeals.

Missouri.

Dec. 21, 1965.

Rehearing Denied Jan. 19, 1966.

Robert A. McIlrath, Flat River, for defendants.

450 ■ 

Robert A. McIlrath, Flat River, W. T. McGhee, Brentwood, for defendant-appellant.

Roy G. Cooper, Schnapp, Cooper & Graham, Fredericktown, Marvin L. Dinger, Ironton, for plaintiff-respondent.

CLEMENS, Commissioner.

This is a wrongful death action by a three-year-old plaintiff whose father was a passenger in a logging truck that overturned. Defendant-appellant Hunter owned the truck and employed the driver. He suffered a $5,000 judgment, and appeals. The other defendant, Emery Gipson, driver of the truck, was exonerated by the verdict, and the judgment was in his favor. Plaintiff does not appeal; so the judgment in favor of the driver, defendant Gipson, is unchallenged.

■ We are first faced with respondent's motion to dismiss the appeal for appellant's belated filing of the transcript. The motion itself was untimely, being filed here on the day the case was argued, without due notice to the appellant as required by Civil Rule 83.11, V.A.M.R. The motion to dismiss the appeal should be denied.

This appeal arises from a somewhat bizarre chain of proceedings. Plaintiff pleaded general negligence but proved specific negligence, and then submitted his case on general negligence as to the two defendants jointly; but there was a verdict and judgment against one defendant severally.

The petition alleged the ownership of the truck by defendant Hunter and the agency of the driver, defendant Gipson. It jointly charged them with general negligence in allowing the truck to leave the roadway and overturn. Defendant Hunter admitted by his answer that he was the owner of the truck and that Gipson was driving within the scope of his employment.

Plaintiff's evidence: Defendant Hunter operated a saw mill in Madison County and employed defendant Gipson and the decedent, Curtis Johnson, plaintiff's father, as loggers. He furnished them with an old flat-bed truck to haul logs from the timber to his saw mill. The truck had no emergency brake lever; was not equipped with a rear-view mirror, horn, stop-lights, signal lights, tail lights, or reflectors; and the right-hand door of the cab would not stay shut. Plaintiff introduced evidence of previous trouble with the brakes. By admissions of defendant Gipson, plaintiff showed that on other occasions prior to the accident the brakes had to be pumped several times before the truck would even slow down. By another passenger, Charles Carpenter, plaintiff showed that in going down other hills before the last one, defendant Gipson had to pump the brake pedal three or four times before the brakes would take hold.

Plaintiff further showed that on the day in question, while going back to the mill with a load of logs, defendant Gipson was driving and the decedent was riding in the right side of the cab. As the truck topped the crest of a hill, Gipson pumped the foot-brake pedal and found he had no brakes. As the truck descended the hill, gathering momentum, it came out of gear and driver Gipson could not re-engage the gears. Having no emergency brake, and with no other means of slowing the truck, Gipson turned the truck into the roadside ditch in order to slow it down. The truck crossed the ditch, went up an embankment, and overturned. Curtis Johnson was found lying underneath the truck and he died soon thereafter. A highway patrolman then examined the truck and found that the brakes were inoperative.

The defendants' evidence was that the truck had been regularly inspected, and that the defect in the foot brakes was not apparent until the truck started down the last hill, just before it overturned.

At the close of the evidence, plaintiff submitted his case by one verdict-directing instruction, hypothesizing the agency relationship between the defendants and the

general negligence of defendant Gipson in causing and permitting the truck to leave the roadway. If the jury so found, it was directed to return a verdict against both defendants jointly; notwithstanding, separate verdicts were returned and filed. One found against defendant Hunter and assessed plaintiff's damages at $5,000; the other verdict found in favor of defendant Gipson. Judgment was entered against defendant Hunter and in favor of defendant Gipson. As said, defendant Hunter appealed from the adverse judgment, but plaintiff did not appeal from the judgment which discharged defendant Gipson.

Defendant Hunter's main contention, squarely raised in his motion for new trial and in his brief, is that the trial court erred in submitting plaintiff's case on general negligence because plaintiff proved the specific cause of the casualty. Plaintiff says he did not prove the specific cause, but that his evidence merely tended to show the cause. We agree with defendant Hunter's contention.

The rule and its limitation was tersely stated by Judge Bennick for this court in the case of Belding v. St. Louis Public Service Co., Mo.App., 205 S.W.2d 866 (4–7):

"In one sense the doctrine of res ipsa loquitur is a rule of necessity in that it is only to be invoked where the instrumentality producing the injury was in the exclusive control of the defendant, so that evidence regarding the true cause of the occurrence is practically accessible to the defendant, but inaccessible to the injured plaintiff. In other words, the doctrine presupposes that the plaintiff, from the nature of the occurrence, is unable to point out the particular act or omission responsible for his injury, and that the defendant has the superior knowledge or means of information as to the real cause of the accident. Gibbs v. General Motors Corporation, 350 Mo. 431, 166 S.W.2d 575.

"It follows, therefore, that when the plaintiff, having pleaded a case of res ipsa loquitur, goes so far in his own evidence as to point out, and reveal his knowledge of, the specific act of negligence which was responsible for his injury, there is neither room nor necessity for the application of the doctrine. But on the other hand, even though the plaintiff's evidence may tend to show the specific cause of the accident, he will nevertheless not lose the benefit of the doctrine, nor be deprived of the right to rely upon it in the submission of his case, if, after his evidence is in, 'the true cause is still left in doubt or is not clearly shown.' [Citing cases.]"

See, also, Belding v. St. Louis Public Service Co., Mo., en Banc, 215 S.W.2d 506(6, 7); Stevens v. Missouri Pacific Railroad Co., Mo., 355 S.W.2d 122(17); and Triplett v. Beeler, Mo., 268 S.W.2d 814(4). In each of these cases it was held that a plaintiff is allowed to rely on the doctrine of res ipsa loquitur only if after all his evidence is in, the true cause of the casualty is still left in doubt or is not clearly shown.

In the analogous case of Taylor v. Prudential Ins. Co. of America, 234 Mo.App. 317, 131 S.W.2d 226(11–14), the plaintiff was injured by a door slamming as she passed through a doorway. Her own evidence showed that the door-stop device was not kept in position to operate and that the wind blew the door shut as she went through. In declining to give plaintiff the benefit of the res ipsa loquitur doctrine, the court said:

"* * * As we conclude that the plaintiff in the case at bar has as a matter of fact proved by direct evidence the precise cause of the accident by evidence from which no other inference can be drawn than that the wind forced the door to slam because same was not held in position by the stop appliance being in position to perform such function, we must further

conclude that the doctrine of res ipsa loquitur has not application. * * *"

■ Ours is not a case where the plaintiff was unable to point out the particular act or omission responsible for the injury and the defendant had superior knowledge or means of information as to the real cause of the casualty. Instead, ours is like the Taylor case, supra. Here, the plaintiff's own evidence showed in detail the inadequate brakes, the driver's knowledge thereof, and his driving off the roadway because of the inadequate brakes. The true cause of the casualty was clearly shown by plaintiff's own evidence; so the submission of his cause on general negligence was error. Compare Elder v. Phillip, Mo.App., 252 S. W.2d 656(2); and Oblamski v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 344(4, 5), where similar results were reached. It was prejudicial error to give the general negligence instruction.

■ Defendant Hunter also asks for a new trial on the ground that the verdict and the judgment against him alone were contrary to the court's instruction. As said, plaintiff's verdict-directing instruction told the jury flatly that if they found for the plaintiff, their verdict should be against both defendants. The separate verdicts and the ensuing judgment against defendant Hunter and in favor of defendant Gipson disregarded that part of the verdict-directing instruction. It is fundamental that a verdict must be responsive to the court's instruction, and that the judgment must conform to the verdict. See numerous cases collected in 27 Mo.Dig., Trial, ☞337, and 17A Mo.Dig., Judgment, ☞256(1). Here, the error in the noncomplying verdicts was carried forward into the judgment. We deem this to be a prejudicial error as to defendant Hunter, entitling him to a new trial.

■ Lastly, in the argument portion of his brief, defendant Hunter seeks to invoke the rule that where an employer and an employee are sued for the employee's negligence and the jury exonerates the employee, no judgment can be entered against the employer. He cites Devine v. Kroger Grocery and Baking Co., 349 Mo. 621, 162 S.W.2d 813(1), and similar cases, and urges us to set aside the judgment and discharge him, or grant him a new trial. Plaintiff counters with the argument that defendant Hunter is not entitled to be released under this theory, because Hunter raised no objection to the verdict forms given the jury which permitted them to find against defendant Hunter alone. As to this limitation on the general rule, see Quinn v. St. Louis Public Service Co., Mo., 318 S.W.2d 316 (4); and Atterbury v. Temple Stephens Co., 353 Mo. 5, 181 S.W.2d 659(10). However, it will not be necessary for us to resolve this dispute. Plaintiff correctly objects to our reviewing the point, because defendant Hunter did not raise it in his motion for a new trial; nor did he do so in the "points relied on" portion of his brief. Civil Rules 83.13(a) and 83.05(e), V.A.M. R., preclude us from reviewing defendant Hunter's belated contention for judgment, as we ruled under the same circumstances in Crowley v. Crowley, Mo.App., 360 S.W. 2d 293(1). Defendant Hunter's alternate request for a new trial is granted by our previous finding of other reversible errors.

Upon a retrial of this case against defendant Hunter, the plaintiff may not recover for any alleged negligence of defendant Gipson on the theory of respondeat superior, because that issue has been determined by jury's verdict in favor of defendant Gipson. However, the plaintiff may, if he is so advised, file an amended petition charging defendant Hunter with specific negligence, say in failing to have the truck equipped with adequate brakes. Accordingly, the judgment should be reversed and the cause remanded for a new trial as to defendant Hunter; and the verdict in favor of defendant Gipson should be held in abeyance pending determination of the case as to defendant Hunter. At such time, one final judgment should be entered in favor of defendant Gipson, and also

disposing of the rights between plaintiff and defendant Hunter as then determined. Civil Rule 74.01, V.A.M.R.; Sect. 511.020, V.A.M.S.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court.

Accordingly, respondent's motion to dismiss the appeal is denied, and the judgment is reversed and the cause remanded for a new trial as to defendant Hunter; and the verdict in favor of defendant Gipson is to be held in abeyance pending determination of the case as to defendant Hunter.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.