GEORGE WRIGHT, an Infant, by His Next Friend, SYDNOR C. WRIGHT, Appellant, v. HANNAN & EVERITT, INC., a Corporation.—81 S. W. (2d) 303.

Division Two, March 30, 1935.

*Inman & Horsefield* and *T. J. Crowder* for appellants.

*Woodward & Evans* for respondent.

WESTHUES, C.—Appellant, a minor, brought suit by his next friend, Sydnor C. Wright, against respondent, Hannan & Everitt, Inc., and Virgil Scott, to recover damages in the sum of $45,000 alleged to have been sustained when an automobile driven by Scott,

as a servant of respondent, struck a truck upon which appellant was a passenger. On a trial a jury returned a verdict in appellant's favor and against respondent Hannan & Everitt, Inc. Appellant's damages were fixed, by the jury, in the sum of $10,000. The jury, by their verdict, found the issues in favor of the other defendant Virgil Scott. Respondent filed a motion in arrest of judgment, which the trial court sustained, whereupon appellant duly appealed.

The motion in arrest of judgment was sustained on the theory that upon the face of the record the verdict of the jury could not be sustained, that is to say, the jury in exonerating Scott, the driver of the car causing the injury, necessarily relieved respondent of liability.

▆ If appellant's cause of action was based solely upon the misfeasance of the servant, Scott, the action of the trial court must be sustained because the jury by their verdict have said that Scott was not negligent. If Scott was not negligent it necessarily follows that respondent could not be held in damages on the doctrine of *respondeat superior* for an act of misfeasance of its agent. This has been the uniform holding of this court. [McGinnis v. Chicago, R. I. & P. Railroad Co., 200 Mo. 347, 98 S. W. 590; Stephens v. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2d) 899, l. c. 903 (9); Michely v. Mississippi Valley Structural Steel Co., 299 S. W. 830.] Many other cases could be cited but this is not necessary because appellant concedes this to be the correct rule of law. ▆ Appellant, however, insists that the rule above mentioned is not applicable to the case at bar because the petition in addition to charging specific acts of negligence on the part of the servant, which in law constitute misfeasance, also charged that the servant had been guilty of conduct, which in law amounted to nonfeasance, and that for nonfeasance only the master and not the servant was liable to third persons. This requires an examination of the petition. The charges of negligence therein read as follows:

''1. That the driver of said truck upon which plaintiff was a passenger saw, or by the exercise of the highest degree of care, could have seen, the automobile driven by the defendant, Virgil Scott, over and along Goodfellow Avenue and approaching said intersection, and in a position of imminent peril of being collided with by said truck, in time thereafter, by the exercise of the highest degree of care, to have stopped said truck, checked its speed, swerved its course or given timely and adequate warning of its approach and thereby have avoided the collision and injuries to the plaintiff, but negligently failed to do so.

''2. That the defendant, Virgil Scott, was negligently operating said automobile over and along Goodfellow Avenue at its intersection

with Emma Avenue under all the facts and circumstances at a high and dangerous rate of speed.

"3. That the defendant, Virgil Scott, negligently failed to keep a lookout laterally ahead on the approach of his automobile to Emma Avenue, and negligently failed to discover the presence of said automobile truck in said intersection, in time thereafter to have stopped his automobile and avoided said collision, thereby causing the injuries to plaintiff.

"4. That the defendant, Virgil Scott, saw the truck upon which plaintiff was a passenger, or by the exercise of the highest degree of care could have seen it, in a position of imminent danger of being struck by his said automobile, in time thereafter, by the exercise of the highest degree of care, to have stopped said automobile, checked its speed, swerved its course, or given timely and adequate warning of its approach and thereby have avoided the collision and injuries to plaintiff, but negligently failed to do so."

Appellant in support of his theory has cited the McGinnis case, supra, and also Orcutt v. Century Bldg. Co., 201 Mo. 424, 99 S. W. 1062; Lynch v. M., K. T. Railroad Co., 333 Mo. 89, 61 S. W. (2d) 918; Steinhauser v. Spraul, 127 Mo. 541, 30 S. W. 102, 28 S. W. 620; Michely v. Mississippi Valley Structural Steel Co., supra, and Baird v. Larabee Flour Mills Corp., 220 S. W. 988. We think appellant has misinterpreted the opinions in the cases cited and is laboring under a misapprehension as to the true meaning of the term nonfeasance as understood in the law of negligence. In the Orcutt case, supra, 201 Mo. 424, 99 S. W. 1062, l. c. 1067 (6), this court pointed out the distinction between misfeasance and nonfeasance and quoted with approval a rule stated in 2 Clark & Skyles, on the Law of Agency, sections 595 and 596, the following:

" 'But where an agent is guilty of misfeasance; that is, where he has actually entered upon the performance of his duties to his principal, and in so doing, fails to respect the rights of others, by doing some wrong, whether it is a wrong of omission or a wrong of commission, as where he fails or neglects to use reasonable care and diligence in the performance of his duties, he will be personally responsible to a third person who is injured by reason of such misfeasance.' . . .

" 'From these meanings, it will be seen that it is not every omission or failure to perform a duty that will constitute a nonfeasance, but only an omission to perform such distinct duties as he owes to his principal, as distinguished from those which he owes to third persons or the public in general, as a member of society. Nonfeasance does not extend to the omission or failure to do some act, whereby a third person is injured, after he has once entered upon the performance of his contractual obligations.

" 'For example, if an agent undertakes to perform certain acts for

another, and he refuses or fails to enter upon such performance, it is a nonfeasance; but if he once begins the performance of such acts and in doing so fails or omits to do certain acts which he should have done, whereby a third person is injured, it is not a nonfeasance, but a misfeasance. Misfeasance may involve the omission to do something which ought to be done; as where an agent engaged in the performance of his undertaking, omits to do something which it is his duty to do under the circumstances, as when he does not exercise that degree of care which due regard for the rights of others requires.' ''

The quotation, if it be the correct rule of law, of which we have no doubt, is conclusive of the case at bar. An agent or servant is not exempt from liability to third persons for his negligence merely because he represents the master. [2 C. J. 824, sec. 498.] If the defendant, Scott, in this case had been, at the time appellant was injured, driving his own car, not as agent but in the furtherance of his own business, there could have been no question as to his liability to appellant for injuries resulting from negligent acts, be they acts of omission or commission. That being true the fact that he drove the car as agent or servant for respondent did not relieve him of his responsibility to third persons. Under the rule above stated all of the charges of negligence in this case are charges of misfeasance for which the servant is liable. [Emery & Co. v. Amer. Refrigerator Transit Co., 184 N. W. 750, 20 A. L. R. 86, and cases cited in annotations.] See, also, annotations in 49 American Law Reports. page 521. Assuming, therefore, that appellant introduced substantial evidence in support of each allegation of negligence contained in the petition and quoted above, still the verdict was properly arrested. This because the jury absolved the driver of negligence and if the driver was not negligent the master could not be held. It will be noted that in the case of Lynch v. Ry. Co., 333 Mo. 89, 61 S. W. (2d) 918, 1. c. 924 (11, 13), nonliability of the engineer was based on the ground that the statute made only the railroad company liable for the failure to give the statutory warning signals at a crossing. The case of Steinhauser v. Spraul, supra, a decision by the court en banc, has been cited as an authority for appellant's contention. It will be noted, however, that five of the judges did not concur with the writer of the opinion in his discussion of the question of nonfeasance and misfeasance. A majority of the court concurred in the result on other grounds. That case, therefore, is not an authority on the point now before us. The other cases cited by appellant and noted above are authority against appellant's theory of the case.

The judgment of the circuit court is, therefore, affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.