Harry Berger, Respondent, v. Podolsky Brothers, Inc., a Corporation, and Joseph Michael McDonald, Appellants, No. 41603—227 S. W. (2d) 695.

Division Two, March 13, 1950.

*George A. Hodgman* and *Robert G. Winter* for Podolsky Brothers, Inc., *Floyd L. McKinney* for Joseph Michael McDonald appellants.

240

*Cox & Cox* and *Abraham Altman* for respondent.

BARRETT, C.—The plaintiff, Harry Berger, was about to drive his automobile from its parked position at the curb in the 700 Block of Spring Street when it was struck by a Podolsky Brothers' delivery truck driven by Joseph Michael McDonald. Berger said that he had just turned the steering wheel and that his automobile was but eight or ten inches from the curb when it was struck by the truck. For his resulting personal injuries Berger instituted this action for $15,000.00 damages against Podolsky Brothers and Mc-Donald. Podolsky Brothers' principal defense, as pleaded in its answer and submitted in instructions, was that McDonald, in the pursuit of his own pleasure, had so deviated from the course and scope of his employment that they as his employers were not liable for his negligent operation of the truck. The plaintiff's, Berger's, cause and the defendants' liability was hypothesized upon a finding that McDonald was Podolsky Brothers' agent and employee and that he was negligent in the course and scope of his employment in running into Berger's automobile in that he drove at an excessive rate of speed under the circumstances, failed to stop or swerve, failed to have the truck under control and failed to keep a proper lookout. At the conclusion of the trial the jury returned the following verdict:

"We, the jury in the above entitled cause, find the issues herein joined in favor of the plaintiff, and against the defendant Podolsky Bros. Inc. and we assess plaintiff's damages in the sum of Two Thousand Five Hundred Dollars.

"We further find the issues joined in favor of the defendant Joseph Michael McDonald."

After this verdict the plaintiff, Berger, filed, as to McDonald, a motion to set aside the verdict and enter a judgment against him; or in the alternative a motion for a new trial as to him. One of the grounds, number five, of the alternative motion was the fact of the inconsistent verdict. On the same day Podolsky Brothers filed a motion for a judgment notwithstanding the verdict in favor of the plaintiff against it. The principal ground of that motion was the fact that the verdict of the jury against it was inconsistent with the jury's finding "that this defendant's agent and employee, defendant McDonald, was not negligent and was not liable in damages to the plaintiff." The trial court sustained Berger's motion for a new trial against McDonald and gave as a reason therefor ground five of the motion. The court overruled Podolsky Brothers' motion for judgment notwithstanding the verdict. At the same time, on the court's

own motion under Section 119 of the new Civil Code, the court set aside the verdict in favor of the plaintiff against Podolsky Brothers and ordered a new trial as to that defendant. Both defendants, Podolsky Brothers and McDonald, appeal from the orders granting a new trial.

Berger's right to recover and Podolsky Brothers' liability was of necessity dependent upon a finding that McDonald was negligent-respondeat superior. The appellants therefore seek to invoke the rule that ''where employer and employee are joined as parties defendant in an action for injuries inflicted by the employee, a verdict which exonerates the employee from liability for injuries caused solely by ▮▮▮▮ the alleged negligence or misfeasance of the employee requires also the exoneration of the employer, and although the verdict purports to hold the employer liable, it cannot form the basis of a judgment against the employer, but must be set aside.'' 35 Am. Jur., Sec. 534, p. 962; McGinnis v. C., R. I. & P. Ry. Co., 200 Mo. 347, 98 S. W. 590; Michely v. Mississippi Valley Structural Steel Co., 221 Mo. A. 205, 299 S. W. 830; Presley v. Central Terminal Co., (Mo. A.) 142 S. W. (2) 799. It is the appellants' position, in view of the verdict, that this court should set aside the trial court's judgment as to Podolsky Brothers and order a judgment entered in its favor and remand the case with directions to reinstate the verdict in favor of McDonald. They contend, in view of the inconsistent verdict and the assignments in the after-verdict motions, that the trial court had no authority under Section 119 of the new Civil Code to grant a new trial as to Podolsky Brothers and that its action in granting a new trial under Section 115 as to McDonald was unreasonable and erroneous.

The cases upon which the appellants rely are readily distinguishable from this case for here the court has granted a new trial as to both employer and employee. Teague v. Plaza Express Co., 356 Mo. 1186, 1192, 205 S. W. (2) 563, 566; James v. La Mear, (Mo.) 194 S. W. (2) 915. In McGinnis v. C., R. I. & P. Ry. Co., supra, the trial court overruled the employer's motion for a new trial and there was no appeal by the plaintiff from the judgment exonerating the employees. In that situation the only possible judgment on appeal was a reversal of the inconsistent verdict against the employer. In Presley v. Central Terminal Co., supra, there was a verdict in an assault case exonerating the employee and inculpating the employer and the trial court overruled the employer's motion in arrest of the judgment as well as the plaintiff's motion for a new trial as to the employee. The plaintiff and the employer appealed but after the appeals were perfected the plaintiff dismissed his appeal as to the employee and again the appellate court necessarily reversed the inconsistent judgment as to the employer. This is the first time, in the inconsistent verdict cases, that the trial court has

granted a new trial as to both employer and employee and the meritorious question is whether the court, in the circumstances, could properly enter that judgment under Sections 115 and 119 of the Civil Code.

The appellants argue that the court's action in granting a new trial as to Podolsky Brothers, without specifying reason therefor, as required by Section 119, is unreasonable and that its action in sustaining the motion of the plaintiff for a new trial as to McDonald under Section 115 on the ground of the inconsistent verdict is equally unreasonable. The argument of unreasonableness, however, overlooks the fact that both Sections 115 and 119 endow the trial court with a wide discretion, at least "as to questions of fact and matters affecting the determination of issues of fact." De Maire v. Thompson, 359 Mo. 457, 222 S. W. (2) 93, 97; Donati v. Gualdoni, 358 Mo. 667, 216 S. W. (2) 519, 522. As we have said the court's judgment sustained Berger's motion for a new trial as to McDonald upon the specified ground that "the verdict is inconsistent with the law and the evidence and the other findings of the jury for plaintiff and against defendant, Podolsky Brothers, Inc." The court's judgment then recites that "Podolsky Brothers, Inc. motion for judgment nonobstante veredicto was overruled. On Court's own motion verdict and judgment * * * against Defendant Podolsky Brothers, Inc. was set aside and vacated and a new trial under Section 119 of the New Civil Code was ordered * * *" The record then recites: "In connection with said ruling and order of the court, the court files its memorandum * * * as follows: * * *" After overruling Podolsky Brothers' motion the memorandum continues, "In this action plaintiff sought to recover from the employer, Podolsky Brothers, Inc. solely for the tortious conduct of the employee, Joseph Michael McDonald. As I view the law, where a master and servant are sued jointly in ▇▇▇ an action dependent solely on the doctrine of respondeat superior and based on the tortious act of the servant and the servant is acquitted, there can be no recovery against the master, and such a verdict should be set aside. The Courts of Missouri have repeatedly ruled that such a verdict under such pleadings and evidence is without warrant of law." The record then recites that the court, as provided in Section 119 "hereby sets aside the verdict and judgment heretofore entered herein against defendant Podolsky Brothers, Inc., and orders a new trial to be had as against it." That, plainly, is a sufficient specification of "the grounds therefor" as required by Section 119. Mo. R. S. A., Sec. 847.119; 2 Carr, Civil Procedure, Sec. 857, p. 38; Schreiner v. City of St. Louis, (Mo. A.) 203 S. W. (2) 678.

▇▇▇ There was no single instruction in this case which plainly told the jury that a verdict could not be returned against the employer unless a verdict was also returned against the employee but

all the instructions, those on behalf of the defendants as well as those on behalf of the plaintiff, in effect hypothesized liability upon that theory. Despite the form of the verdict returned by the jury, which under this record was not invited by the plaintiff (Atterbury v. Temple Stephens Co., 353 Mo. 5, 181 S. W. (2) 659), it is apparent from all the instructions that a finding against the employer of necessity had to be predicated upon a finding against the employee, and the jury either mistakenly or arbitrarily failed to properly perform its duty. Compare: Bernstein v. Olian, 77 F. Supp. 672 reversed as to the merits in Bernstein v. Ems Corp., 174 F. (2) 880. "The court may award a new trial of any issue *upon good cause shown*" (Supreme Court Rule 3.22) and it may not be said that the trial court abused its discretion in this case when it granted a new trial as to both defendants because of the inconsistent verdict. "If in this case the lower court had, either on its own motion or the motion of counsel, awarded a new trial on all the issues as to both plaintiffs, we should have considered such action a reasonable exercise of discretion." Lansburgh & Bro. v. Clark, 127 F. (2) 331; Supreme Court Rule 3.22; Stephens v. D. M. Oberman Mfg. Co., 334 Mo. 1078, 70 S. W. (2) 899; De Maire v. Thompson, supra.

Accordingly the judgment is affirmed and the cause remanded. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by Barrett, C., is adopted as the opinion of the court. All the judges concur.