**Ronald FELLMAN and Sharon K. Fellman, His Wife, Respondents,**

**v.**

**ST. JOSEPH LIGHT & POWER COMPANY, a Corporation, Appellant.**

No. 47594.

Supreme Court of Missouri,

Division No. 1.

March 14, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied April 11, 1960.

Sprague, Wilcox & Houts, St. Joseph, for appellant.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for respondents.

WESTHUES, Judge.

Plaintiffs Ronald Fellman and Sharon K. Fellman, as husband and wife, filed this suit in the Circuit Court of Buchanan County, Missouri, against the St. Joseph Light & Power Company. The defendant owned and operated a public transportation system in St. Joseph, Missouri. On September 20, 1958, plaintiff Sharon K. Fellman was a fare-paying passenger on one of defendant's trolley busses. When the bus reached plaintiff's destination and while she was in the act of getting off the bus, she fell to the pavement and was injured. Plaintiffs filed this suit to recover $11,000 in damages alleged to have been sustained by the fall. A trial resulted in a jury verdict in favor of the defendant. The trial court sustained plaintiffs' motion for new trial and defendant appealed.

The trial court sustained plaintiffs' motion on the theory that the court erred in giving instructions No. 12 and No. 13 requested by the defendant. Instruction No. 1, given on request of plaintiffs, was also included in the court's order. The order granting a new trial was made more than 30 days after the motion for new trial was filed.

Plaintiffs, in their petition, based their case on two allegations of negligence: (1) That the platform and the steps of the bus were worn smooth and slick; that they were slippery and dangerous to persons standing thereon. (2) That the operator of the bus "negligently halted said bus suddenly and with a jerk applying the brakes thereof with such force that said bus came to a sudden stop."

The questions for decision on this appeal are such that a detailed statement of the evidence need not be given. Plaintiff

Sharon K. Fellman testified as to the injuries she received. Medical testimony corroborated her evidence. That plaintiff Sharon K. Fellman did receive some injuries was not denied.

Plaintiffs introduced substantial evidence in support of each allegation of negligence. The defendant introduced substantial evidence to the contrary. It was defendant's theory that the platform and steps of the bus were not slick, slippery, or dangerous; that the bus did not jerk or come to a sudden stop. Under the evidence, a jury would have been justified in finding for plaintiffs on each of the two allegations of negligence. So, too, a jury could have found in favor of the defendant on each allegation of negligence.

Defendant, in its brief, says that the court erred in sustaining plaintiffs' motion for new trial for any error in plaintiffs' instruction No. 1 because the motion for new trial did not mention that instruction; that the court was powerless to grant a new trial on its own motion because more than 30 days had elapsed since the motion was filed. Plaintiffs agree and do not contend otherwise. Plaintiffs, of course, were in no position to complain of their own instruction. The trial court probably mentioned instruction No. 1 for the reason that the dispute is whether instructions No. 12 and No. 13 should have been given when considered in connection with instruction No. 1.

Whether the giving of instructions 12 and 13 constituted error depends upon the question of whether plaintiffs in instruction No. 1 submitted their case on the two allegations of negligence in the conjunctive or disjunctive. Instructions 12 and 13 read as follows:

Instruction No. 12: "The Court instructs the jury that if you find and believe from the evidence that the platform or top step of the trolley coach mentioned in evidence was not worn, slippery and smooth, your verdict must be for defendant St. Joseph Light & Power Company."

Instruction No. 13: "The Court instructs the jury that if you find and believe from the evidence that the trolley coach in evidence did not lurch and jerk while plaintiff was on the top step of the trolley coach, preparing to alight, your verdict must be for defendant St. Joseph Light & Power Company."

Instruction No. 1, so far as material to the point before us, reads: "* * * If you find that when said trolley bus reached 8th and Edmond Streets, plaintiff Sharon K. Fellman, in the usual manner of trolley bus passengers, and in the exercise of ordinary care for her own safety, prepared to descend and alight from said trolley bus, and that while so doing she placed her foot or feet upon the top step of said bus leading from the platform or floor to the street, and that while her foot was or feet were on same, said platform or step being worn, slippery, and smooth, if you so find, said bus did lurch and jerk and the foot or feet of plaintiff Sharon K. Fellman was caused to slip from under her by reason of said jerk and lurch and the worn, slippery, and smooth condition of said step, and plaintiff Sharon K. Fellman was caused to fall out of said bus and onto the pavement of the sidewalk, and if you find that said trolley bus and its appliances were under the exclusive management and control of defendant, and that such worn and slippery floor or platform, if any, and the lurch and jerk of said trolley bus, if any, were either or both unusual occurrences and out of the ordinary course of events when persons alight from trolley buses, then you may infer that the worn, slippery, and smooth condition of said platform, if any, or the lurch and jerk of said trolley bus, if any, either or both, were caused by the failure of defendant to use and exercise the highest degree of care in operating and maintaining said trolley bus, the platform and appliances thereof, and if you find from all of the evidence that defendant did fail to use the highest degree of care in operating and maintaining said trolley bus, and its platforms and appliances, then defendant was

negligent, and if you find that such negligence of defendant, if any, directly caused plaintiff Sharon K. Fellman to fall as aforesaid and that she thereby sustained injuries, then your verdict should be in favor of plaintiffs. * * *" If by the above instruction No. 1 the allegations of negligence were submitted in the conjunctive, then instructions 12 and 13 were authorized. Frechin v. Thornton, Mo., 326 S.W.2d 122, loc. cit. 127, 128(3); Lindquist v. Kansas City Public Service Co., 350 Mo. 905, 169 S.W.2d 366. If the submission was in the disjunctive, instructions 12 and 13 were not proper. Martin v. Lingle Refrigeration Co., Mo., 260 S.W.2d 562, loc. cit. 566(1, 2), and cases there cited.

We are of the opinion that a jury could well interpret instruction No. 1 as authorizing a verdict for plaintiffs on either or both allegations of negligence. The trial court must have so considered instruction No. 1 and therefore granted a new trial on the theory that instructions 12 and 13 were in conflict with instruction No. 1. We do not recommend instruction No. 1 as a model. It certainly is not plain or easily understood. But, note that by the instruction, the jury was told that if the jury found "that such worn and slippery floor or platform, if any, and the lurch and jerk of said trolley bus, if any, were *either or both* unusual occurrences and out of the ordinary course of events when persons alight from trolley buses, then you may infer that the worn, slippery, and smooth condition of said platform, if any, *or* the lurch and jerk of said trolley bus, if any, *either or both,* were caused by the failure of defendant to use and exercise the highest degree of care in operating and maintaining said trolley bus, * * *." (Emphasis supplied.)

Instruction No. 12 directed a verdict for defendant if the jury found that the platform or top step "was not worn, slippery and smooth." Instruction No. 13 authorized a defendant's verdict if the trolley coach "did not lurch and jerk." These instructions clearly required a finding for

defendant unless plaintiffs had proven that the defendant was negligent in both respects. We are of the opinion that, as above stated, plaintiffs' instruction, while not clear, authorized a verdict if the jury found defendant negligent on either or both allegations of negligence. Instructions 12 and 13 were therefore in conflict with instruction No. 1. In so holding, we have to some extent given consideration to the fact that the trial court granted a new trial. Berger v. Podolsky Bros., 360 Mo. 239, 227 S.W.2d 695, loc. cit. 698(4), 16 A.L.R.2d 964; Brandenburg v. Kasparian, 363 Mo. 20, 247 S.W.2d 806, loc. cit. 808(1, 2). We are not unmindful of the fact that 30 days had passed when the court ruled on the motion for new trial. What we have in mind is that the trial court granted a new trial because instructions 12 and 13 conflicted with instruction No. 1; that there was a reasonable basis for such ruling. 66 C.J.S. New Trial § 201(3), p. 494.

 Plaintiff Sharon K. Fellman filed the following motion in this court:

"Respondent Sharon K. Fellman, through counsel, states to the Court that since this appeal was taken she was deserted by respondent Ronald Fellman; that investigation has disclosed that respondent Ronald Fellman was previously married, prior to intermarrying this respondent; that said previous marriage, so she is now advised and verily believes, was never dissolved by death, divorce or other means recognized in law; and that on this account, respondent Ronald Fellman is not her husband and has no standing to maintain this cause of action insofar as damages for loss of consortium are sought.

"Wherefore, respondent Sharon K. Fellman moves the Court to reverse the order of the trial court granting respondent Ronald Fellman a new trial, and to remand this cause with directions that the cause be dismissed as to said Ronald Fellman."

This court cannot take any action on this motion. It is a matter that must of necessity be taken care of in the trial court where all parties may be given an opportunity to be heard.

The order of the trial court granting plaintiffs a new trial is hereby affirmed and the cause remanded.

It is so ordered.

All concur.