**Brenda Ann WARD and Fred Ward, Plaintiffs-Appellants-Respondents,**

v.

**Bruce Alva LEMKE, Defendant,**

**and**

**Manatt's Transportation Company, Defendant-Respondent-Appellant.**

Nos. WD30938, WD30964.

Missouri Court of Appeals, Western District.

July 8, 1980.

Channing D. Blaeuer, Cynthia A. Suter, Moberly, for plaintiffs-appellants-respondents Ward.

Kelly Pool, Hendren & Andrae, Jefferson City, for defendant-respondent-appellant Manatt's.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

WASSERSTROM, Chief Judge.

Plaintiff Brenda Ann Ward sues for personal injuries and her husband plaintiff Fred Ward sues for loss of consortium, arising out of a highway accident caused by a tractor-trailer driven by defendant Lemke. The jury awarded Brenda a verdict of $20,000 against Lemke's employer, defendant Manatt's Transportation Company, but the trial court granted a new trial. The plaintiffs and defendant Manatt's appeal.

The accident occurred when Brenda was driving from Columbia, Missouri, to her home near Moberly. Brenda took the exit from Highway I–70 to go north on Highway No. 63. As she reached the point for the turn onto Highway 63, another car was stopped at the stop sign, and Brenda came to a stop immediately behind the first car. Lemke also turned off I–70 at the same point, and as he started down the exit ramp he apparently discovered a complete failure of the brakes. He gave warnings by blowing his horn, but the tractor-trailer continued on its path into the rear of the Ward vehicle, which in turn was smashed into the car immediately ahead of it at the stop sign.

Plaintiffs' petition alleges that defendant Lemke and defendant Manatt's, acting through Lemke, were guilty of negligence by various acts, including "permitting the semi tractor-trailer rig to come into collision with the rear of Plaintiff Brenda Ann Ward's automobile." One of the other acts of negligence alleged was that the defendants operated the tractor-trailer with faulty brakes. The instructions, however, submitted the case to the jury purely on the "rear end" theory. The verdict directing instructions on behalf of Brenda were as follows:

"INSTRUCTION NO. 3

Your verdict must be for plaintiff Brenda Ann Ward and against defendant Bruce Alva Lemke if you believe:

First, defendant Bruce Alva Lemke's vehicle came into collision with the rear of plaintiff Brenda Ann Ward's vehicle, and

Second, defendant Bruce Alva Lemke was thereby negligent, and

Third, as a direct result of such collision, plaintiff Brenda Ann Ward sustained damage."

"INSTRUCTION NO. 5

Your verdict must be for plaintiff Brenda Ann Ward against defendant Manatt's Transportation Co. if you believe:

First, the driver, Bruce Alva Lemke, was operating Manatt's Transportation Co.'s vehicle within the scope and course of his employment by defendant Manatt's Transportation Co. at the time of the collision, and

Second, the vehicle operated by Bruce Alva Lemke came into collision with the rear of plaintiff Brenda Ann Ward's vehicle, and

Third, Bruce Alva Lemke was thereby negligent, and

Fourth, as a direct result of such collision, plaintiff Brenda Ann Ward sustained damage."

Instruction No. 11 gave the jury the authorized forms of verdict, one of which was as follows:

"If you find the issues in favor of plaintiff Brenda Ann Ward and against one defendant only, you should name the defendant against whom you find and also the defendant in whose favor you find. In such case your verdict may be in the following form:

'We, the jury, find the issues in favor of plaintiff Brenda Ann Ward and against defendant _____ (here insert only the name of the defendant you find against) and we assess plaintiff's

damages at $_____ (stating the amount), and we further find the issues in favor of the defendant _____ (here insert the name of the defendant in whose favor you find).

_____

Foreman' "

In response to those instructions, the jury returned a verdict in the precise form immediately above quoted, filling in the blanks so as to show a verdict of $20,000 for Brenda against Manatt's and a verdict in favor of defendant Lemke. On verdict forms substantially the same offered on behalf of the plaintiff husband, the jury found in favor of Fred against defendant Manatt's but found his damages to be zero; and the jury found against Fred in favor of defendant Lemke.

After rendition of the jury verdicts, Manatt's filed motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court denied the motion for judgment notwithstanding the verdict, but did sustain the motion for new trial. Manatt's appeals from the denial of the motion for judgment notwithstanding the verdict. Plaintiffs appeal from the granting of the new trial and seek to reinstate the verdict.

## I.

### Manatt's Appeal

Manatt's appeal is premised upon the proposition that the verdict exonerating the employee Lemke is inconsistent with the verdict in favor of Brenda against the defendant employer. In support of that contention, Manatt's cites the leading case of *McGinnis v. Chicago, R. I. & P. Ry. Co.*, 200 Mo. 347, 98 S.W. 590 (1906) and the long line of cases following that principle: *Stith v. J. J. Newberry Co.*, 336 Mo. 467, 79 S.W.2d 447 (1935); *Stoutimore v. Atchison,*

*T. & S. F. Ry. Co.*, 338 Mo. 463, 92 S.W.2d 658 (1936); *State ex rel. Shell Petroleum Corp. v. Hostetter*, 348 Mo. 841, 156 S.W.2d 673 (banc 1941); *Devine v. Kroger Grocery & Baking Co.*, 349 Mo. 621, 162 S.W.2d 813 (1942); *Elgin v. Kroger Grocery & Baking Co.*, 357 Mo. 19, 206 S.W.2d 501 (1947); *Wade v. Campbell*, 211 Mo.App. 274, 243 S.W. 248 (1922); *Michely v. Mississippi Valley Structural Steel Co.*, 221 Mo.App. 205, 299 S.W. 830 (1927); *Blasinay v. Albert Wenzlick Real Estate Co.*, 235 Mo.App. 526, 138 S.W.2d 721 (1940); *Presley v. Central Terminal Co.*, 142 S.W.2d 799 (Mo.App. 1940); *Quinn v. St. Louis Public Service Company*, 318 S.W.2d 316 (Mo.1958); *Stephens v. D. M. Oberman Mfg. Co.*, 334 Mo. 1078, 70 S.W.2d 899 (1934); *Wright v. Hannan & Everitt*, 336 Mo. 732, 81 S.W.2d 303 (1935); *Stafford v. Far-Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo.App.1972); *Ruehling v. Pickwick-Greyhound Lines*, 337 Mo. 196, 85 S.W.2d 602 (1935); *Berger v. Podolsky Bros.*, 360 Mo. 239, 227 S.W.2d 695 (1950).

■ We are without authority to consider that contention. Although Manatt's asked for judgment notwithstanding the verdict, at the very same time it also requested in the alternative a new trial. Since it was awarded that requested alternative relief, it is not a party "aggrieved" within the scope of Section 512.020, RSMo 1978. *Bailey v. Interstate Airmotive*, 358 Mo. 1121, 219 S.W.2d 333 (1949); *Morris v. Patterson*, 549 S.W.2d 613 (Mo.App.1977); *Luethans v. Lahey*, 237 S.W.2d 209 (Mo. App.1951); *Shoush v. Truitt*, 235 S.W.2d 859 (Mo.App.1951); *Vendt v. Duenke*, 210 S.W.2d 692 (Mo.App.1948).[1]

## II.

### Plaintiff's Appeal

■ On their appeal, plaintiffs argue that the instructions contain no error and

_____

1. It is nevertheless of interest to note that the trial court had support in granting a new trial rather than granting judgment notwithstanding the verdict, because of the error in giving Instruction No. 11. *Ruehling v. Pickwick-Greyhound Lines*, 337 Mo. 196, 85 S.W.2d 602 (1935); *Cameron v. Howerton*, 174 S.W.2d 206 (Mo.1943); *Berger v. Podolsky Bros.*, 360 Mo. 239, 227 S.W.2d 695 (1950); *Lynch v. Hill*, 443

S.W.2d 812 (Mo.1969); *Stafford v. Far-Go Van Lines, Inc.*, 485 S.W.2d 481 (Mo.App.1972). And because defendant Manatt's objected to Instruction No. 11 in its motion for new trial, it cannot be said that said Instruction was given by consent of the parties, as was true in *Quinn v. St. Louis Public Service Company*, 318 S.W.2d 316 (Mo.1958).

that the trial court erred in granting a new trial on the ground of instructional error. They acknowledge the legal rule that a verdict cannot stand against an employer where its liability is based upon respondeat superior, if the jury at the same time finds the employee not to be negligent. Plaintiffs say, however, that the stated rule does not apply here, for the reason that Manatt's is liable for negligence separate and apart from that alleged against the employee Lemke. Plaintiffs argue that they pleaded and the evidence indicated negligent maintenance of the brakes by Manatt's, which would constitute negligence independent of anything Lemke did in his operation of the tractor-trailer.

The trouble with this argument by plaintiffs is that they did not submit for the jury's consideration any act of negligence other than negligent operation by Lemke. Thus paragraph Third of Instruction No. 5 directed the jury to find against Manatt's if Lemke in operating his vehicle into the rear of the Ward vehicle "was thereby negligent." No other theory of negligence on the part of Manatt's was submitted, and the charge quoted rested indisputably upon respondeat superior, pure and simple. When the jury found that Lemke was not negligent, it became inconsistent and logically impossible for the jury to find Manatt's negligent on the basis of what was done or not done by its employee Lemke.

In opposition to the foregoing analysis, plaintiffs argue that if Instruction No. 5 be construed as not submitting the issue of negligent maintenance of the brakes, then they will have been denied the right to submit against the employer on the rear end collision doctrine, and in that connection they point out that MAI 17.16 was the only approved instruction on this subject available to them. We need not consider whether plaintiffs were entitled to use a modified form of MAI 17.16, and if so, what form such a modification could have taken. The plain fact is that plaintiffs made no effort to submit a modified form of instruction. Instead, they were satisfied to use the simple and generally advantageous form of submission afforded by the approved instruction. As already shown above, that submission was premised solely upon respondeat superior and resulted in an inconsistent verdict which cannot stand.

## III.

### *Propriety of New Trial*

Defendant Manatt's contends that remanding this case for a new trial will be futile because no case can be made against it. That contention rests on the argument that no appeal was taken by or against Lemke, the judgment in his favor has become final, and under the *McGinnis* rule any judgment which the trial court would now undertake to render against Manatt's would be void. That argument is correct to the extent that plaintiffs may no longer submit against Manatt's based on any theory that Manett's is liable for any acts or nonaction by Lemke. *Presley v. Central Terminal Co., supra.* Plaintiffs however are free to retry their case and to submit it on the theory that Manatt's was independently negligent in the matter of brake maintenance. *Blasinay v. Albert Wenzlick Real Estate Co., supra. See also Stith v. J. J. Newberry Co., supra; Stoutimore v. Atchison, T. & S. F. Ry. Co., supra; Elgin v. Kroger Grocery & Baking Co., supra; Devine v. Kroger Grocery & Baking Co., supra; Stafford v. Far-Go Van Lines, Inc., supra; Grace v. Smith,* 270 S.W.2d 79 (Mo. App.1954).

The appeal by Manatt's, No. WD30964, is dismissed. On plaintiffs' appeal, No. WD30938, the judgment is affirmed and the cause is remanded for new trial.

All concur.