Charlyn KUENZLE, et al.,
Plaintiffs-Respondents,

v.

M–K BUS LINES, et al.,
Defendants-Appellants.

No. 44758.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 21, 1982.

Amy S. Rubin, St. Louis, for defendants-appellants.

Earle B. Leadlove, St. Louis, for plaintiffs-respondents.

CRIST, Judge.

Vehicular personal injury case. The order of the trial court granting a new trial is reversed, and the judgments entered in favor of plaintiffs are reversed.

Plaintiff Charlyn Kuenzle alleged she was operating a vehicle owned by plaintiff Charolette Kuenzle when it was struck from behind by a bus owned by defendant M–K Bus Lines, Inc. (defendant-employer) and driven by defendant William Ramo (defendant-employee) within the scope and course of his employment for defendant-employer.

After the trial court denied defendants' motion for directed verdict, the case was submitted to the jury on the theory of respondeat superior rear-end doctrine negligence. The jury returned inconsistent verdicts for plaintiffs and against defendant-employer in the aggregate sum of $6,000, but in favor of defendant-employee.

Defendant-employer timely filed a motion for judgment notwithstanding the verdict under Supreme Court Rule 72.01(b). None of the parties filed a motion for new trial. The trial court entered an order granting a new trial to defendant-employer.

Defendant-employer appeals, contending it was entitled to judgment notwithstanding the verdict by reason of the inconsistent verdicts. It also claims plaintiffs aban-

doned all other grounds of liability against defendant by the election of the respondeat superior rear-end doctrine negligence submission.

 It is well settled that "[w]here the right to recover is dependent solely upon the doctrine of respondeat superior, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent . . . there should be no judgment against the master." *McGinnis v. Chicago, R.I. & P. Ry. Co., et al.,* 200 Mo. 347, 98 S.W. 590, 594 (1906); *Goedecke v. Bi-State Development Agency of Missouri-Illinois,* 412 S.W.2d 189, 192 (Mo.App.1967). The inconsistent verdicts found by the jury below can not stand. The jury's finding in favor of defendant-employee (servant) as to negligence in operation of the bus exonerated defendant-employer (master).

Plaintiffs assert they are entitled to a new trial against defendant-employer on the theory of negligent brake maintenance because the pleadings, evidence and plaintiffs' instructions were broad enough to cover negligent maintenance of the brake system on the part of defendant-employer. Rule 72.01(d).

Plaintiffs pled negligent brake maintenance and there was some evidence showing defendant-employer may have been negligent by reason of faulty brake maintenance independent of operational negligence of defendant-employee. Yet, an examination of all the evidence shows plaintiffs did not make a submissible case on faulty brake maintenance nor is there sufficient evidence on faulty brake maintenance for us to conclude plaintiffs could make a submissible case against defendant-employer on retrial. Therefore we can not permit them to retry their case on this theory. *See: Ward v. Lemke,* 602 S.W.2d 33, 36 (Mo.App.1980); *Stafford v. Far-Go Van Lines, Inc.,* 485 S.W.2d 481, 488–489 (Mo.App.1972).

The order of the trial court granting defendant-employer a new trial is reversed. The verdict and judgment in the sum of $5,000 entered in favor of plaintiff Charlyn Kuenzle and against defendant-employer is reversed. The verdict and judgment in the amount of $1,000 entered in favor of plaintiff Charolette Kuenzle and against defendant-employer is reversed.

CRANDALL, P.J., and REINHARD, J., concur.