Norma BURTRUM, Personal Representative of the Estate of Loren Webb, Plaintiff-Respondent,

v.

U–HAUL COMPANY OF SOUTHERN MISSOURI, Defendant-Appellant.

Norma BURTRUM, Personal Representative of the Estate of Loren Webb, Plaintiff-Appellant,

v.

U–HAUL COMPANY OF SOUTHERN MISSOURI and Fred Burke, Defendants-Respondents.

Nos. 12536, 12538.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 12, 1983.

Allan C. Wilcox, Joplin, for plaintiff-respondent-appellant.

Harold F. Glass, Schroff, Glass & Newberry, Springfield, for defendants-appellants-respondents.

MAUS, Presiding Judge.

By his petition in one count, Loren Webb sought actual and punitive damages against Employer U-Haul and its Employee Burke. The petition alleged Webb had been injured when Burke, in the course of his employment, hit Webb in the head with a wrench. Both defendants answered by a denial and allegations of self-defense. Burke filed a counterclaim alleging he was injured when Webb assaulted him. On Webb's claim, the jury returned a verdict for Webb and against U-Haul for $7,500.00 actual damages and $20,000.00 punitive damages, and a verdict against Webb and for Burke. On Burke's counterclaim, the jury returned a verdict against Burke and for Webb. The trial court entered judgment in accordance with those verdicts.

U-Haul filed a motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The first motion was based upon the inconsistency in the verdicts. This inconsistency was also one of the grounds submitted as the basis for a new trial. The trial court overruled the motion for a judgment notwithstanding the verdict, but sustained U-Haul's motion for a new trial. The following day Webb filed a notice of appeal to which he attached a copy of the judgment. U-Haul also appeals. Webb died pending appeal. His personal representative has been substituted as a party. For clarity, the use of the name Webb in this opinion will include the personal representative. The appeals will be considered in inverse order.

On its appeal, U-Haul contends the trial court erred in not sustaining its motion for a judgment notwithstanding the verdict. Webb contends that because U-Haul was granted its alternative request for a new trial, it is not aggrieved and its appeal should be dismissed. Webb's contention must be sustained as declared in the succinct and excellent analysis by Judge Wasserstrom speaking for the Western District in *Ward v. Lemke,* 602 S.W.2d 33 (Mo.App. 1980).

The principles set forth in *Ward* are also applicable to the disposition of Webb's appeal. In *Ward,* as in this case, the jury found for the plaintiff and against the employer, but against the plaintiff and for the employee. *Ward* acknowledged the well recognized doctrine: "[W]here the right to recover is dependent solely upon the doctrine of respondeat superior, and there is a finding that the servant, through whose negligence the master is attempted to be held liable, has not been negligent ..."

there should be no judgment against the master." *McGinnis v. Chicago, R.I. & P. Ry., Co.,* 200 Mo. 347, 362–363, 98 S.W. 590, 594 (1906). Also see *Kuenzle v. M–K Bus Lines,* 644 S.W.2d 380 (Mo.App.1982); *Vaughn v. Sears Roebuck & Co.,* 643 S.W.2d 30 (Mo.App.1982). *Ward* then observed that since no appeal had been taken against the employee, the judgment in his favor had become final.

As a prerequisite to the proper disposition of Webb's appeal, it is well to consider its background. Webb filed no after trial motion. He has filed no brief in this court as appellant. In his brief as respondent, he now contends U-Haul was properly granted a new trial. But, he argues the trial court on its own motion should have granted him a new trial against Employee Burke. He now asks this court to grant him that new trial.

When verdicts inconsistent under the *McGinnis* doctrine have been returned and accepted, it has been repeatedly declared the proper remedy is to grant the employer a judgment notwithstanding the verdict. *Wright v. Hannan & Everitt,* 336 Mo. 732, 81 S.W.2d 303 (1935); *Kuenzle v. M–K Bus Lines,* supra; *Stevens v. D.M. Oberman Mfg. Co.,* 229 Mo.App. 627, 79 S.W.2d 516 (1935). The authorities are collected in *Ward* and *Stoutimore v. Atchison T. & S. F. Ry. Co.,* 338 Mo. 463, 92 S.W.2d 658 (1936). The rule is not applicable where the liability of the employer may be predicated upon a basis other than the negligence of the exonerated employee. *Lindman v. Kansas City,* 308 Mo. 161, 271 S.W. 516 (banc 1925); *Stokes v. Wabash R. Co.,* 355 Mo. 602, 197 S.W.2d 304 (1946); *De Moulin v. Roetheli,* 354 Mo. 425, 189 S.W.2d 562 (1945); *Devine v. Kroger Grocery & Baking Co.,* 349 Mo. 621, 162 S.W.2d 813 (1942); *Stoutimore v. Atchison T. & S. F. Ry. Co.,* supra; *Stith v. J.J. Newberry Co.,* 336 Mo. 467, 79 S.W.2d 447 (1934). Nor is it applicable when there is preserved instructional or other error in the verdict for the employee. *Lynch v. Hill,* 443 S.W.2d 812 (Mo.1969); *Cameron v. Howerton,* 174 S.W.2d 206 (Mo.1943). Compare *Stafford v.*

*Far-Go Van Lines, Inc.,* 485 S.W.2d 481 (Mo.App.1972), in which there was instructional error, a missing verdict and a motion for new trial, although the contents of that motion are not clear. An employer may by its instructions in the trial court preclude itself from asserting that rule. *Jenkins v. Wabash Ry. Co.,* 335 Mo. 748, 73 S.W.2d 1002 (1934). It may be otherwise circumvented. *Grace v. Smith,* 270 S.W.2d 79 (Mo.App.1954) aff'd., 365 Mo. 147, 277 S.W.2d 503 (Mo. banc 1955); Annot., Inconsistent Verdict—New Trial, 16 A.L.R.2d 969 (1951). It has been noted that it is not universally applied. *Devine v. Kroger Grocery & Baking Co.,* supra.

Where it was observed there was no single instruction telling the jury a verdict could not be returned against the employer unless a verdict was also returned against the employee, it has also been held that a trial court did not err in granting, upon its own motion, a new trial as to both the employer and employee. *Berger v. Podolsky Bros.,* 360 Mo. 239, 227 S.W.2d 695 (1950). However, this case has not been followed. In *Quinn v. St. Louis Public Service Company,* 318 S.W.2d 316 (Mo.1958), there was a verdict against the employer, but for the employee. The action of the trial court on its own motion granting all parties a new trial was reversed and judgment entered for the employer.

It has also been observed "the inconsistency of the verdict may glance in both directions." Annot., Inconsistent Verdict—New Trial, 16 A.L.R.2d 969, supra. A principle similar to the *McGinnis* doctrine is applicable in other situations where liability or a right to recover is derivative. Where an injured spouse has received a verdict, the other spouse may be properly granted a new trial upon the issue of damages on the loss of consortium claim. *Kaelin v. Nuelle,* 537 S.W.2d 226 (Mo.App.1976); Annot., Award of Damages to Only One Spouse, 66 A.L.R.3d 472 (1975). On the other hand, where there was a verdict against an injured spouse, a defendant was granted a judgment notwithstanding the verdict on a recovery for loss of consortium. *Moppin v.*

*Moppin,* 643 S.W.2d 41 (Mo.App.1982). However, it has been held that when recovery is denied a minor, but recovery granted a parent, it is proper to order new trials on both claims. *Warner v. Pruett,* 599 S.W.2d 207 (Mo.App.1980). In a similar situation, where no appeal was taken from the judgment for a parent, that judgment was held to be final and the minor entitled to a new trial on the issue of damages alone. *Massey v. Rusch,* 594 S.W.2d 334 (Mo.App.1980). Compare *Page v. Hamilton,* 329 S.W.2d 758 (Mo.1950) and *Williams v. Kaestner,* 332 S.W.2d 21 (Mo.App.1960).

█ In spite of these divergent authorities, no case has been cited and none has been found to intimate the trial court erred in not granting a new trial on its own motion. *Quinn v. St. Louis Public Service Company,* supra; *Kuenzle v. M–K Bus Lines,* supra; *Goedecke v. Bi-State Development Agency of Mo.-Ill.,* 412 S.W.2d 189 (Mo.App.1967). In *Liggett v. Torregrossa,* 628 S.W.2d 927 (Mo.App.1982), cited by Webb, there was an incomplete verdict and it does not so hold.

The order of the trial court granting U-Haul a new trial does not mandate a new trial against Employee Burke. This case is to be distinguished from a situation where a judgment reversed on appeal is so interrelated with another judgment that justice requires the latter's reversal even though no error has been preserved in respect thereto. *Portell v. Pevely Dairy Company,* 388 S.W.2d 790 (Mo.1965). That doctrine should not be applied to preserve error for a party who had an opportunity to do so but did not. *Mt. Vernon Car Mfg. Co. v. Hirsch Rolling Mill Co.,* 285 Mo. 669, 227 S.W. 67 (1920); *Goldberg v. State Tax Comm.,* 618 S.W.2d 635 (Mo.1981). Compare *Cover v. Phillips Pipe Line Company,* 454 S.W.2d 507 (Mo.1970) and *MFA Cooperative Assn. of Ash Grove v. Elliott,* 479 S.W.2d 129 (Mo. App.1972). In regard to this aspect of an action, the rule that there can be only one judgment has been relaxed. *Lemonds v. Holmes,* 360 Mo. 626, 229 S.W.2d 691 (banc 1950). The relaxation of the rule has been expressed in terms of holding a verdict or a judgment in favor of one party in abeyance until a verdict or a judgment has been reached as to all parties. *Wolfe v. Harms,* 413 S.W.2d 204 (Mo.1967); *Scheibel v. Hillis,* 570 S.W.2d 724 (Mo.App.1978). More recently, it has been expressed by declaring such a verdict or a judgment in favor of one party to be final. *Ward v. Lemke,* supra; *Massey v. Rusche,* supra.

"Furthermore, plaintiffs' motion for new trial did not complain of inconsistency of verdict as a ground for the granting of a new trial, so such a ground cannot be urged on appeal." *Connor v. Temm,* 270 S.W.2d 541, 547 (Mo.App.1954). Also see *Polski v. City of St. Louis,* 264 Mo. 458, 175 S.W. 197 (1915); *Johnson v. Hunter,* 398 S.W.2d 449 (Mo.App.1966); Rule 84.13(a). Webb acknowledges this limitation by asking this court to grant a new trial under the plain error doctrine of Rule 84.13(c).

That doctrine is applicable only in the discretion of the court when the court finds that manifest injustice or a miscarriage of justice has resulted from an error. The error so asserted is apparently the failure of the trial court to grant such a new trial on its own motion. "Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight." *Sherpy v. Bilyeu,* 608 S.W.2d 521, 523 (Mo.App.1980).

Webb chose not to seek a new trial against the Employee. A record of the argument before the trial court upon U-Haul's motion for a new trial is before this court. Throughout that hearing, Webb insisted that the judgment against U-Haul should be affirmed. Only after that contention was overruled, does he seek a new trial against the Employee. His position might well be compared to the party who "elected to take his chances on excluding the entire exhibit and, having done so, he must stay with his election." *Breshears v. Union Electric Company,* 373 S.W.2d 948, 952 (Mo. banc 1964). An appellate court is not to reverse a judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of an action. Rule 84.13(b). At

no time has Webb suggested any trial error in respect to the submission of his case against the Employee.

Webb is in much the same position as the plaintiffs in *Ward* or defendant in *Massey* who did not appeal. Also compare *Roark v. Gunter,* 391 S.W.2d 258 (Mo.1965); *Brady v. Black and White Cab Company,* 357 S.W.2d 720 (Mo.App.1962). This court does not find that any plain error has been committed by not granting Webb a new trial against the Employee. *O'Brien v. Sun Life Assur. Co. of Canada,* 589 S.W.2d 629 (Mo.App.1979). The judgment in favor of Employee Burke is affirmed. As U-Haul is not aggrieved, its appeal is dismissed and the cause against it is pending for disposition in accordance with *Ward* and other applicable law.

HOGAN and PREWITT, JJ., concur.