Mel SCHLEMER,
Appellant–Respondent,

v.

CONNELL AGENCIES OF KIMBER-LING CITY, INC., A Corporation,
Respondent–Appellant.

Nos. 15031, 15039 (Consolidated).

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 18, 1987.

Richard L. Anderson, Anderson & Selby, Kimberling City, for appellant-respondent.

Robert S. Wiley, Crane, for respondent-appellant.

PREWITT, Presiding Judge.

Mel Schlemer sued Connell Agencies of Kimberling City, Inc. (Connell) for damages for breach of contract. Following jury trial a verdict was rendered in favor of Schlemer for $45,000. Pursuant to Connell's motion for new trial the trial court found instructional error and granted a new trial. Schlemer appeals from that order and Connell appeals from the court's order denying its motion for judgment notwithstanding the verdict. The appeals were consolidated.

### I. Schlemer's Appeal (No. 15031)

Schlemer sold life and health insurance through Connell, an insurance agency, pursuant to a written agreement. After the contract was terminated Schlemer contended that Connell did not properly pay him commissions for renewals of insurance policies that he had sold for Connell under the contract. The principal issue at trial was the effect of the paragraph 8 of their agreement. It states:

> 8. In case of termination of this contract for any reason, Second party shall be entitled to all deferred first year commissions less indebtedness and all vested renewals of Second party's commissions less 1% of premium for servicing business.

Schlemer testified that he and Connell's president had agreed as to what was meant by "vested renewals of Second party's commissions". Connell presented "expert" testimony as to what "vested renewals" meant in the insurance industry. Schlemer's claim was submitted by an instruction following MAI 26.06. This was found by the trial court to be prejudicially erroneous as it did not require the jury to find the meaning of "vested renewals". The instruction stated:

> Your verdict must be for plaintiff if you believe:
>
> First, plaintiff and defendant entered into an agreement whereby plaintiff agreed to sell life and health insurance for defendant and defendant agreed to compensate plaintiff by paying plaintiff first year and vested renewal commissions on life and health insurance sold for defendant by plaintiff, upon terms and in amounts agreed by the parties, and
>
> Second, plaintiff performed his agreement, and
>
> Third, defendant failed to perform its agreement, and
>
> Fourth, plaintiff was thereby damaged.

There was a dispute as to what the agreement meant by "vested renewals" but the jury was not required to make any finding in that regard. Where the terms of an agreement are in dispute the verdict directing instruction must hypothesize the proponent's version of that agreement. *Reed Stenhouse, Inc. of Missouri v. Portnoy*, 642 S.W.2d 947, 951 (Mo.App.1982). See also *Shearin v. Fletcher/Mayo/Associates, Inc.*, 647 S.W.2d 127, 130 (Mo.App. 1982); *Braun v. Lorenz*, 585 S.W.2d 102, 107 (Mo.App.1979).

Schlemer's recovery was predicated upon a finding that his interpretation of the contract was correct. As the jury was not required to make that determination the instruction was prejudicially erroneous. The trial court correctly granted a new trial.

### II. Connell's Appeal (No. 15039)

Connell filed motions asking for a new trial and also for a judgment notwithstanding the verdict. The trial court sustained the motion for a new trial and denied the motion for judgment notwithstanding the verdict. In its appeal Connell contends that the trial court erred in failing to sustain its motion for directed verdict and

in overruling its motion for judgment notwithstanding the verdict.

Substantial authority states that because Connell was granted its alternative request for a new trial it is not aggrieved and its appeal must be dismissed. See *Burtrum v. U-Haul Co. of Southern Missouri,* 658 S.W.2d 70, 71 (Mo.App.1983); *Mrad v. Missouri Edison Co.,* 649 S.W.2d 936, 941 (Mo. App.1983); *Ward v. Lemke,* 602 S.W.2d 33, 35 (Mo.App.1980).

Acknowledging the holding of these cases Connell contended that it should be allowed to appeal because if this court determines that the trial court was incorrect in ordering a new trial Connell "will be effectively precluded from receiving appellate consideration of the trial court's action in overruling the motion for judgment n.o. v." However, Connell has also stated that it "will concede that if this Court upholds the action of the trial court in ordering a new trial, the defendant's counter-appeal may be dismissed under the holdings in *Burtrum* and *Ward"* (cited above). As this court upholds the trial court's ordering a new trial, whether the appeal might have been properly lodged had we ruled otherwise is not before us. The appeal is dismissed.

The order of the trial court granting a new trial, contested in appeal No. 15031, is affirmed. The appeal in case No. 15039 is dismissed.

HOGAN, FLANIGAN and MAUS, JJ., concur.